# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

Lyle W. Cayce
Clerk

No. 11-41274
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR GRANADOS-SALMERON, also known as Julio Granados,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1189-1

Before SMITH, DeMOSS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Granados-Salmeron pleaded guilty to illegal reentry and was sentenced to 57 months of imprisonment and two years of supervised release. At his sentencing hearing, Granados-Salmeron lodged objections to his presentence report not germane to the instant appeal, and when the district court imposed his sentence, he objected only to the sentence as greater than necessary to satisfy the statutory sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Granados-Salmeron argues that the district court, in sentencing him to two years of supervised release, failed to apply or misapplied U.S.S.G. § 5D1.1(c) and therefore imposed a procedurally and substantively unreasonable sentence. He contends that procedural error occurred because the district court failed to explain its reasons for imposing the term of supervised release when the guideline states that ordinarily district courts should not do so with deportable aliens and because the supervised release amounts to an upward departure under the guidelines about which he was not notified in advance. He further argues that the sentence is substantively unreasonable because the district court did not consider, much less account for or give significant weight to, the guidelines recommendation that supervised release not be imposed.

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentencing decision is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Because Granados-Salmeron raises his arguments for the first time on appeal, we review for plain error; he must show a forfeited error that is clear or obvious and affects his substantial rights; and we will correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012) (internal quotation marks and citation omitted).

No. 11-41274

Granados-Salmeron has not demonstrated plain error with respect to his term of supervised release. The district court took particular note of Granados-Salmeron's prior aggravated assault conviction, finding that the offense was "pretty violent"; the victims had been beaten with tire irons and bats; and Granados-Salmeron had not been merely a passive bystander in the event. The district court also expressly stated that it had considered the § 3553(a) factors. Based on these facts and because the district court was not called upon to focus on § 5D1.1(c), Granados-Salmeron has not shown that a more detailed explanation by the district court would have changed the sentence he received, and the district court's statement for imposing supervised release is not plainly erroneous. *See Dominguez-Alvarado*, 695 F.3d at 330; *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Further, because the imposition of supervised release did not amount to a departure, *see Dominguez-Alvarado*, 695 F.3d at 329, the district court was not required to provide notice of departure. Granados-Salmeron's term of supervised release is within the guidelines range. Thus, we infer that the district court considered all the requisite sentencing factors; Granados-Salmeron has not rebutted the presumption that his sentence, including its term of supervised release, is substantively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.